# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP, *now known as* BANK OF AMERICA, N.A. Plaintiff, | ) ) ) ) | Case No. 16-cv-3493 |
| v. | ) ) | Judge Robert M. Dow, Jr. |
| LAUREN J. TRATAR and STEVEN T. OLSON, Defendants. | ) ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion [8] to remand the case to state court pursuant to 28 U.S.C. § 1447(c). For the reasons set forth below, the Court grants Plaintiff's motion and remands this case to the 18th Judicial Circuit DuPage, Illinois for further proceedings.

**I.     Background**

On July 7, 2010, Plaintiff filed a mortgage foreclosure action in the Circuit Court of the 18th Judicial Circuit DuPage County, Illinois against Defendants Lauren J. Tratar and Steven T. Olson. [8, at 1.] Defendant Tratar, then represented by counsel, filed a second amended answer on May 10, 2013. Defendant Tratar also made two attempts to file a counterclaim, both of which were stricken by the court. On September 23, 2013, Defendant Tratar filed an additional counterclaim with leave of the court, which was dismissed with prejudice. On or around June 16, 2015, Defendant Tratar, acting *pro se*, filed a motion for leave to file amended affirmative defenses and counterclaim and a motion for summary judgment. Defendant Tratar's motion for summary judgment was denied on November 12, 2015.[1]

---

[1] It is unclear from the record whether Defendant Tratar's motion for leave to file amended affirmative defenses and counterclaim was denied or voluntarily withdrawn. [See 8, at 2; 12, at 3.]

On March 22, 2016, nearly six years after the complaint was filed, Defendant Tratar filed her notice of removal alleging two bases of subject matter jurisdiction. [1.] Defendant Tratar alleges that the Court has federal question jurisdiction because her motion for summary judgment "was a new counter-claim based upon the Truth in Lending Act." [1, at ¶ 13.] She also contends that the Court has diversity jurisdiction because Plaintiff has its principal places of business in Charlotte, North Carolina and both Defendants reside in Illinois, and the amount in controversy exceeds $75,000. [1, at ¶ 15–17.] On March 28, 2016, Plaintiff filed a motion to remand [8], arguing that Defendant Tratar's notice of removal is untimely and does not comply with § 1446(a) or § 1446(b)(2)(a) because Defendant Tratar did not obtain consent in removal from all Defendants and did not include a copy of the entire state court file with the notice of removal.

## II. Legal Standard

"The federal removal statute permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011) (citing 28 U.S.C. § 1441(a)). "Removal must be effected within thirty days after a defendant receives a copy of the state court complaint, or is served, whichever occurs first." *N. Illinois Gas Co. v. Airco Indus. Gases, A Div. Of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982) (citing 28 U.S.C. § 1446(b)). The Seventh Circuit has called this time limitation "a strictly applied rule of procedure." *Id.*

In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint. *Sheridan v. Flynn*, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003). A plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand. See, *e.g., Schur v. L.A. Weight Loss Centers, Inc.*, 577

F.3d 752, 758 (7th Cir. 2009); *Schmude v. Sheahan*, 198 F. Supp. 2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction"). The party seeking removal has the burden of establishing federal jurisdiction. *Schur*, 577 F.3d at 758; *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (defendant must demonstrate "reasonable probability that subject-matter jurisdiction exists").

**III.    Analysis**

Plaintiff argues that Defendant Tratar's motion to remand is untimely as it was filed nearly six years after the complaint was filed and that since her delay in filing was not due to extraordinary circumstances outside of her control, she is not entitled to equitable tolling of the thirty-day time limit to remove. The Court agrees that Defendant Tratar's motion to remand is untimely. Assuming for the sake of argument that grounds for diversity jurisdiction were present in the original complaint, the thirty-day removal clock has long since run.

Defendant Tratar, now representing herself *pro se*, contends that her motion for summary judgment is a "new counter-claim based on the Federal Statute Truth in Lending Act, (TILA), 15 U.S. Code § 1501." She argues that she was prompted to file her motion for summary judgment by the January 13, 2015 Supreme Court decision in *Jesinoski v. Countrywide Home Loans Inc.*, 135 S. Ct. 790 (2015), which she alleges "impacted the state case." [11, at 1.] According to Defendant Tratar, she was not previously aware that she could remove the case and acted immediately when she learned that she could. Defendant Tratar's argument is difficult to follow, but she alleges that "[p]ursuant to 28 U.S.C. § 1332 the case is removable under Diversity Jurisdiction as it was filed within 1 year of the Defendant's federal claim."

3

Defendant Tratar's arguments fail for several reasons. First of all, her motion for summary judgment was denied on November 12, 2015, and it was not "a new counter-claim."[2] And even if it were a counterclaim, the U.S. Supreme Court has held that a counterclaim cannot serve as the basis for federal question jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

In arguing that she was not previously aware that she could remove the case, Defendant Tratar may be attempting to invoke § 1446(b)(3), which provides that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant * * * of a copy of an amended pleading * * * from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). However, Defendant Tratar has not alleged that diversity jurisdiction was not apparent from the face of the complaint or that in the thirty days preceding her filing of the notice of removal, she was made aware of a change in the case creating diversity jurisdiction. Instead, she states that "[as] a pro-se litigant, Tratar was unaware that she could move the case to district court and would have done so earlier if she had known as the state court has denied her due process, discovery and ignored Tratar's prima facie evidence." [1, at ¶ 11.] Unfortunately for Defendant Tratar, her status as a *pro se* litigant and her unfamiliarity with the removal statute do not permit her to avail herself of § 1446(b)(3). See *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[T]he Supreme Court has made clear that even pro se litigants must follow rules of civil procedure."). Additionally, Defendant Tratar's dissatisfaction with the state court's rulings is no reason to allow her to remove the case six years after the filing of the complaint. See *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir.

---

[2] The Court notes that Defendant Tratar made several attempts to file counterclaims, none of which were successful. Her first two attempts to file counterclaims were stricken by the state court. She also filed an additional counterclaim with leave of the court, which was dismissed with prejudice.

1982) ("The purpose of the 30–day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court."). Thus, the Court grants Plaintiff's motion to remand.[3]

**IV.   Conclusion**

For the reasons set forth above, the Court grants Plaintiff's motion [8] and remands this case to the 18th Judicial Circuit DuPage, Illinois for further proceedings.

Dated:  December 16, 2016

Robert M. Dow, Jr.
United States District Judge

---

[3] Since Plaintiff's first argument regarding timeliness is dispositive, the Court need not address Plaintiff's argument that the notice of removal is improperly filed as Defendant Tratar failed to obtain consent in removal from all Defendants and to include a copy of the entire state court file with the notice of removal.